UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDDY ALEXANDER GAMEZ BETANCOURT,<br><br>Petitioner,<br><br>v.<br><br>FACILITY ADMINISTRATOR NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER et al.,<br><br>Respondent. | CASE NO. 2:26-cv-03904-JNW<br><br>ORDER GRANTING PETITIONER'S MOTION TO KEEP JURISDICTION |

Petitioner Freddy Alexander Gamez Betancourt's Motion for the Court to Keep Jurisdiction comes before the Court. Dkt. No. 11. Gamez Betancourt filed a habeas petition in this district and was later transferred to the District of Arizona. The Court finds that it has jurisdiction over this matter and that it is appropriate to retain that jurisdiction for the reasons below.

Federal courts are "under an independent obligation to examine their own jurisdiction," and "may not entertain an action over which [they have] no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citation

modified). A district court has jurisdiction over habeas cases filed by petitioners who are imprisoned in the district, and that jurisdiction is established at the time of filing. *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018).

When a person in custody is transferred out of the district after filing a habeas petition, the district court retains jurisdiction, as long as there remains a respondent "within the court's reach" who has custody of the petitioner, like the agency responsible for the detention. *Ex parte Endo*, 323 U.S. 283, 307 (1944) (holding the court retained jurisdiction over detained Japanese American woman's habeas petition after she was transferred to an internment camp in a different state because the court could direct the agency respondent to release her); *Johnson*, 883 F.3d at 761 (in the habeas context, "subsequent transfer does not destroy the jurisdiction established at the time of filing."). The Supreme Court also held that a district court's "power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty . . . may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court." *Ex parte Endo*, 323 U.S. at 307 (citation modified). In so holding, the Supreme Court acknowledged that federal agencies may improperly attempt to "effectuate a removal in evasion of the habeas corpus proceedings." *Id.* at 304.

The Court has jurisdiction over this case because Gamez Betancourt petitioned for a writ of habeas corpus while detained by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). *See Johnson*, 883 F.3d at 761. Because Gamez Betancourt was detained and representing himself while in custody, the prison mailbox rule determines when his

petitioner was filed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Under that rule, the petition was filed when Gamez Betancourt "delivered it to the prison authorities for forwarding to the court clerk." *Id.* While Gamez Betancourt does not say exactly when he gave his petition to NWIPC staff, he must have done so before he was transferred out of the facility at about 3:00 a.m. on October 13, 2026. Dkt. No. 11 at 1. So the petition was necessarily filed while Gamez Betancourt was in custody at NWIPC, and the Court acquired jurisdiction then. And his later transfer "did not cause it to lose jurisdiction," as other proper Respondents remain in this district, within the Court's reach. *Ex parte Endo*, 323 U.S. at 307.

Gamez Betancourt is now detained at the Florence Service Processing Center in Arizona. Accordingly, the Court finds it in the interests of justice to add that facility's warden as a proper respondent *sua sponte* for the reasons stated in *Ortiz Velez v. ICE Field Off. Dir.*, No. C26-2686, Dkt. No. 10 at 1 n.2 (W.D. Wash. Sept. 25, 2026) (collecting cases).

This case will proceed on the schedule the Court has already set. Respondents' return is due October 28, 2026, and any traverse by Gamez Betancourt is due November 12, 2026.

Accordingly, Gamez Betancourt's motion to keep jurisdiction is GRANTED. Dkt. No. 11. The Clerk of the Court is DIRECTED to add the warden of the Florence Service Processing Center, where Gamez Betancourt is currently detained, as a respondent in this action under Federal Rule of Civil Procedure 21.

Dated this 21st day of October, 2026.

Jamal N. Whitehead
United States District Judge