UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDDY ALEXANDER GAMEZ BETANCOURT,

Petitioner,

v.

FACILITY ADMINISTRATOR NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER et al.,

Respondents.

CASE NO. 2:26-cv-03904-JNW

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER IN PART

Petitioner Freddy Alexander Gamez Betancourt's motion for temporary restraining order ("TRO") comes before the Court. Dkt. No. 2. The Court GRANTS the motion IN PART for the reasons below.

Gamez Betancourt is a citizen of Venezuela with an Order of Supervision ("OSUP"), issued by Immigration and Customs Enforcement ("ICE") on August 29, 2021. Dkt. No. 1-1 at 2. The OSUP states that Gamez Betancourt has a final order of removal from 2016, and that the Government released him because it was unable to effectuate his removal during the period prescribed by law. *Id.* Before his

detention, Gamez Betancourt lived in Renton, Washington. Dkt. No. 1 ¶ 14. He avers he has no criminal convictions and no pending criminal charges. *Id.* ¶ 15. The Government does not contest that statement. ICE arrested Gamez Betancourt on September 3, 2026, at a routine appointment at the ICE office in Tukwila, Washington. *Id.* ¶ 16. ICE did not give him notice or a hearing before revoking his OSUP and re-detaining him. *See id.* ¶¶ 17, 18. Nor did ICE provide him with any explanation or an interview after the revocation. *See id.* ¶ 25.

Gamez Betancourt was initially detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, and he filed a habeas petition and this TRO motion while detained there. Dkt. No. 12 at 2–3. ICE then transferred him to a detention facility in the District of Arizona. In response to his transfer, Gamez Betancourt filed a motion asking this Court to retain jurisdiction over his case, and the Court granted it. *Id.* The Court has also issued a scheduling order in this case requiring the Government to provide notice before transferring or removing Gamez Betancourt. Dkt. No. 3.

Gamez Betancourt's habeas petition asserts ICE violated his due process rights by revoking his OSUP and re-detaining him without notice or an opportunity to be heard; it also asserts ICE violated its own regulations when it re-detained him. Dkt. No. 1 ¶¶ 21–31. Gamez Betancourt's accompanying TRO motion requests the following relief: (1) release from ICE custody under the conditions of his 2021 OSUP; (2) that Respondents be enjoined from re-detaining him "without first complying with 8 C.F.R. § 241.4(l)"; (3) that Respondents be enjoined from transferring Petitioner outside the Western District of Washington and from

removing him from the United States while this case is pending; and (4) that Respondents file a status report confirming compliance. Dkt. No. 2-1 (proposed order granting TRO motion).

The Government opposed the TRO motion on October 16. It argued only that the Court should deny the motion because Gamez Betancourt cannot show irreparable harm due to the pre-removal and pre-transfer notice requirement in the Court's scheduling order. Dkt. No. 8 at 2–3. Nevertheless, the Government acknowledged that if it were to "provide notice of an intent to remove or transfer Petitioner at some point in the future, he could again seek emergency injunctive relief from the Court." *Id.* at 3. The Government argued that "[u]nless that occurs, Petitioner cannot demonstrate immediate, irreparable harm." *Id.* That did occur. Dkt. No. 10. Four days later, on October 20, the Government notified the Court that it intends to remove Gamez Betancourt in a few days. *Id.*

District courts may grant preliminary injunctive relief, including a TRO, "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending. *Alvarado v. Wamsley*, No. 2:25-cv-02374-DGE-GJL, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)). To receive a TRO, the moving party must show: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Ninth Circuit takes a "sliding-scale" approach to preliminary relief, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of [preliminary injunctive relief], so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up). This approach allows a stronger showing of one Winter factor to offset a weaker showing of another. *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 843–44 (9th Cir. 2024). In all circumstances, the moving party must make "a showing on all four prongs" under Winter to obtain preliminary injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

A TRO is warranted here. Gamez Betancourt asserts the Government revoked his OSUP and re-detained him without notice or an opportunity to be heard, violating his due process rights. The Government does not argue otherwise. Based on the record and the substantial weight of authority in this district, the Court finds Gamez Betancourt likely to succeed on the merits. *See Rahmani v. Scott*, No. 2:26-cv-02423-JNW, 2026 WL 2581952, at *2 n.1 (W.D. Wash. Sept. 1, 2026) (collecting cases); *Espinoza Palacios v. Hermosillo*, 2026 WL 686138, at *6 n.1 (W.D. Wash. Mar. 11, 2026) (collecting cases). Additionally, without a TRO, Gamez Betancourt is likely to suffer irreparable harm in the form of transfer or removal. The Government already transferred him once without notice in the middle of the night, and it intends to remove him in just a few days. Dkt. Nos. 9; 10; 11. Moreover, the balance of the hardships and the public interest favor granting a

TRO, especially considering the Government did not address those factors. *See* Dkt. No. 7 (Government's opposition); *see also Bernabe v. Noem*, No. 25-cv-02709-JHC, 2025 WL 3763934, at *1 (W.D. Wash. Dec. 30, 2025). "The Court is also of the opinion that Petitioner's requested relief—a[] [TRO] preventing Respondents from removing or transferring him while his petition for writ of habeas corpus is pending—is not an extraordinary remedy." *Id*. "Rather, it is a necessary measure to preserve the Court's jurisdiction and maintain the status quo while the habeas petition is being resolved." *Id*. However, the Court declines to release Gamez Betancourt from detention as a form of preliminary relief because release is the ultimate relief his petition seeks. *Popowski v. Warden Nw. ICE Processing Ctr., et al.*, No. 2:26-cv-02930-JNW, 2026 WL 2412637, at *1 (W.D. Wash. Aug 18, 2026). For the same reason, the Court declines his requests for an order governing future re-detention and a compliance status report, which depend on his release.

Accordingly, the Court ORDERS:

(1) Gamez Betancourt's motion for a temporary restraining order is GRANTED IN PART. Dkt. No. 2.

(2) Respondents and all of their respective officers, agents, servants, employees, attorneys and persons acting on their behalf in concert or in participation with them are enjoined and restrained from: (a) Removing or deporting Gamez Betancourt from the United States while this order is in effect; and (b) transferring Gamez Betancourt from his current detention facility to any facility other than the Northwest ICE Processing Center in Tacoma, Washington.

(3) The motion is otherwise DENIED.

(4) This temporary restraining order will expire in FOURTEEN (14) DAYS.

Dated this 23rd day of October, 2026.

Jamal N. Whitehead
United States District Judge